STATE OF NORTH CAROLINA v. OLLIE MELVILLE DAVIS.

(Filed 25 May, 1966.)

**Constitutional Law § 32—**

It is not required for the validity of a written waiver of counsel that a defendant should have had court-appointed counsel to advise him in regard to making such waiver.

MOORE, J., not sitting.

APPEAL by defendant from *Bickett, J.,* October 1965 Criminal Session, DURHAM Superior Court.

The defendant was indicted in three separate bills of indictment upon charges of forgery and the cases were consolidated for trial. When the cases were called, the defendant was allowed by the presiding judge to sign a "waiver of right to have appointed counsel" and all of the necessary requirements were fulfilled as appears in

the record. Thereupon, the defendant, in his own proper person, entered pleas of guilty in each of the three cases. They were consolidated for judgment and prison sentence pronounced. After serving about five weeks of the sentence, the defendant gave notice of appeal to the Supreme Court and was allowed to appeal *in forma pauperis.* The presiding judge at that time appointed counsel to represent him on his appeal.

His exception No. 1 is "that the court erred in allowing the defendant to waive court-appointed counsel without first appointing counsel and having this counsel personally advise the defendant of his rights and chances." The second exception is "that the court erred in accepting his plea of guilty under these circumstances." The third exception being "that the court pronounced judgment of imprisonment."

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*

*Anthony M. Brannon of Brannon and Read Attorney for defendant.*

PER CURIAM. The record shows that the defendant signed a "waiver of right to have appointed counsel" in which he represented that he had been informed and understood the charges against him, the nature thereof, the statutory punishment therefor, and the right to appointment of counsel and that he did not desire the appointment of counsel and expressly waived the same and desired to appear in all respects in his own behalf. Thereupon, the judge certified that the "defendant has been fully informed in open court of the charges against him and of his right to have counsel appointed by the court to represent him in this case; that he (defendant) has elected in open Court to be tried in this case without the appointment of counsel; and that he has executed the waiver in my (the Court's) presence after its meaning and effect have been fully explained to him."

Prior to the time the defendant went to prison he was satisfied to do without counsel, plead guilty and take no appeal. After five weeks in prison however, he has been informed that under the decrees of the United States Supreme Court he can now take an appeal with no expense to himself; that the County will be required to pay the cost of the record and brief, and that the court will appoint counsel for him to be paid from State funds. No showing of injustice or probable error is required.

"* * * (T)his Court places its own interpretation on the North Carolina Constitution and laws but we must accept the interpreta-

tion the Supreme Court of the United States places on a prisoner's rights under the Due Process Clause. * * * We think our decisions are based on sound legal principles. We modify them only to the extent necessary to comply with the mandates from the Supreme Court of the United States. * * * In matters involving Federal law we recognize the authority of the Supreme Court of the United States to review and reverse our decisions. However, as a State court of last resort, we do not concede that United States Courts inferior to the Supreme Court have that authority." *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344.

Had the court ignored his waiver and appointed counsel anyhow, the defendant would probably now be seeking relief upon the grounds that he was forced to accept unwanted advice and direction and that he should be permitted to have another trial, at which he could direct his own case.

After being fully informed that he was entitled to counsel and with knowledge of the nature of the charge, and of the possible punishment, the defendant waived that right. His complaint now seems to be that he should have been made to accept counsel to advise him whether he should waive the appointment of counsel or that he should have been required over his objection and protest, to accept the services of court-appointed counsel. His position is completely without merit.

No error.

MOORE, J., not sitting.